IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Bobby Thomas, #281744, | ) | |
| | ) | C.A. No. 6:09-2200-HMH-WMC |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| McKither Bodison, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge William M. Catoe, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 of the District of South Carolina.[1] Bobby Thomas ("Thomas") is a pro se prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In his Report and Recommendation, Magistrate Judge Catoe recommends dismissing Thomas's habeas petition as successive pursuant to 28 U.S.C. § 2244(b)(2). (Report and Recommendation 3.)

Thomas filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that the majority of Thomas's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection.

Thomas asserts that "[t]he issues raised in the [instant] petition are separate and distinct, thus the Petition is not considered successive." (Objections 5.) This objection is without merit. Thomas filed a § 2254 petition on May 14, 2007. This court granted Respondent Stan Burtt's motion for summary judgment on April 9, 2008 and dismissed Thomas's § 2254 petition. Thomas filed a motion for reconsideration on May 22, 2008. The court denied Thomas's motion on June 10, 2008. Thomas did not file an appeal to the United States Court of Appeals for the Fourth Circuit.

Because Thomas has previously filed a § 2254 petition, the instant petition is successive. "[A] prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals." United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) (citing 28 U.S.C. § 2244(b)(3)). "The court of appeals must examine the application to determine whether it contains any claim that satisfies . . . § 2244(b)(2)." Id.

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

§ 2244(b)(2). In the absence of pre-filing authorization from the court of appeals, the district court is without jurisdiction to consider a second or successive application. Id. Thomas has not obtained authorization from the appropriate United States Court of Appeals to proceed with a second or successive § 2254 petition.

Additionally, Thomas has failed to show "[reliance] on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence" such that his petition should not be considered successive. Gonzalez v. Crosby, 545 U.S. 524, 530 (2005); see 28 U.S.C. § 2244(b)(2). Because the court lacks jurisdiction over this successive § 2254 petition, it must be dismissed.

It is therefore

**ORDERED** that Thomas's § 2254 petition, docket number 1, is dismissed without prejudice and without issuance and service of process upon Respondents.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
November 2, 2009

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.